Filed 1/4/16  Deaver v. NCB Capital Impact CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| KEN H. DEAVER et al., | C075988 |
| Plaintiffs and Appellants, | (Super. Ct. No. 12CV7760) |
| v. | |
| NCB CAPITAL IMPACT, | |
| Defendant and Respondent. | |

Plaintiffs Ken H. Deaver and Gerry Ninnis (Landlords) appeal from a judgment in favor of Defendant NCB, FSB (Bank) after a court trial on the Landlords' complaint for trespass.  The Landlords contend that:  (1) the trial court erred by not applying California law permitting a cause of action for trespass by chattel, and (2) a claim for trespass by chattel was established at trial.  We are unable to meaningfully review these assertions because the Landlords have not provided an adequate record on appeal and they have failed to provide adequate citations to the incomplete record that was provided.  For these reasons we affirm.

1

## I. BACKGROUND

### A. Trial Court Proceedings

Beginning in 1999, the Landlords rented a hardware store to Plymouth Hardware and Feed Supply. In a separate action filed in 2011, the Bank obtained an order for a writ of possession regarding the inventory and equipment at Plymouth Hardware and Feed Supply based on an unpaid promissory note and a security agreement between the Bank and Plymouth Hardware and Feed Supply. Shortly thereafter, the tenants ended their occupancy of the store, but left some inventory behind that became the impetus for this lawsuit. The Landlords' complaint alleges causes of action for trespass and conversion against the Bank. The trial court dismissed the conversion cause of action on a motion for judgment on the pleadings. In support of their trespass claim, the Landlords allege that the Bank assumed ownership of the store's inventory and entered the store without the Landlords' consent.

The trespass claim proceeded to a bench trial, at the close of which the trial court indicated it would issue a decision finding that the Bank had trespassed by causing the sheriff to enter the Landlords' property. The trial court also suggested it would find that the Bank had forfeited its security interest and right to take possession of the inventory, but intentionally failed to inform the Landlords "in an effort to extort something out of it." The court stated it was still considering the issue of damages. After the court issued its statement of decision, the Bank filed objections. At the hearing on the Bank's objections, the trial court withdrew its intended decision. Ultimately, the trial court entered judgment in the Bank's favor.

### B. The Appeal

On appeal, the Landlords' opening brief states that they "raise only one issue on appeal and that is, did the court abuse its discretion in finding that plaintiffs should take nothing despite the evidence and law presented at trial." Later, however, under the heading "Standard of Review," the Landlords assert that "[t]he trial court prejudicially

2

erred when it ignored the fact that California law allows trespass by chattel and tried to find a trespass by a person acting as an agent of defendant in the evidence presented at trial." From there, the opening brief changes course and argues that the Landlords' evidence at trial established a claim for trespass by chattel.

## II.  DISCUSSION

### A.  *Failure to Provide an Adequate Record on Appeal*

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  The party challenging the judgment has the burden of showing error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  The Landlords seem to argue the trial court erred by refusing to recognize that California law permits a cause of action for trespass by chattel.  The Landlords cite nothing in the record to suggest that the basis for the trial court's final judgment was a ruling that California law does not permit a claim for trespass by chattel rather than, for instance, a ruling that the Landlords' evidence was insufficient to prove this claim.  We also note that, as a general matter, the Landlords' briefs are almost entirely devoid of references to the record.  This is a violation of California Rules of Court, rule 8.204(a)(1)(C), which requires that each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."

The Landlords do assert that they proved a claim for trespass by chattel under the theory that the Bank owned the inventory and refused to move it or pay rent.  The record is similarly lacking with respect to the trial court's analysis of this argument.  Neither the order after the hearing on the Bank's objections, nor the transcript of that post-trial hearing, nor even the court's original statement of decision is in the record.  We have no way of determining from the record on appeal what transpired at the hearing on the proposed statement of decision, or if the trial court ever articulated reasons for entering

3

judgment in the Bank's favor. In the absence of an adequate appellate record, the Landlords have forfeited their arguments. (See *Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [appellant forfeited argument that the trial court abused its discretion by failing to provide transcript of hearing on motion under Code of Civil Procedure section 473, subdivision (b), or court's minute order denying the motion].) The Landlords contend they "know[] of no other records that should have been designated." If, by this statement, they mean that the original statement of decision, the post-trial hearing on the Bank's objections, and the order after the post-trial hearing on the Bank's objections contained no relevant rulings or discussions, we are unable to confirm the veracity of that surprising conclusion because the Landlords did not include those documents in the record.

## B. *Failure to Provide Citations to the Record*

Even assuming that the Landlords have provided an adequate appellate record to review their contentions on appeal, their limited citations to the record fail to establish that they proved a claim for trespass by chattel at trial. Because we must assume that the trial court's judgment was based on a finding that the Landlords did not meet their burden of proof at trial or that the trial court resolved factual disputes in the Bank's favor, at the very least, we must start with the presumption that the record contains evidence sufficient to support the judgment; it is the appellant's burden to demonstrate otherwise. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) The Landlords have failed to meet this burden. They assert that after the Bank obtained the order for writ of possession, it owned the inventory. However, the Landlords' only citation to the record is to the application for writ of possession, which does not establish that the Bank actually perfected an ownership interest in the property left behind by tenants. Landlords cite no other evidence regarding the Bank's conduct or ownership of the inventory. This omission is also fatal because a claim for trespass by chattel requires the plaintiff to demonstrate that the chattel was tortiously placed by either its current or prior owner.

4

(See Rest.2d Torts, § 161 & com. f, pp. 289, 291 [trespass may be committed by the continued presence of chattel that the defendant has tortiously placed there or that the prior owner of the chattel has tortiously placed there].) "It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references. Upon the party's failure to do so, the appellate court need not consider or may disregard the matter." (*Regents of the Univ. of Cal. v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn.1; see also Cal. Rules of Court, rule 8.204(a)(1)(C).) Moreover, an appellant's brief must set forth all of the material evidence bearing on the issue, not merely the evidence favorable to the appellant; otherwise, any claim of insufficiency of the evidence is forfeited. (*Foreman & Clark Corp. v. Fallon*, *supra*, 3 Cal.3d at p. 881.) The Landlords do not discuss any of the evidence favorable to the Bank. For instance, at trial, a deputy sheriff for Amador County testified that the sheriff's office never perfected the levy on the inventory because the Bank chose not to proceed. The Landlords have also forfeited their arguments on appeal by failing to acknowledge evidence favorable to the judgment.

## III.  DISPOSITION

The judgment is affirmed.  The Bank shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


/S/

_____

RENNER, J.


We concur:


/S/

_____

BUTZ, Acting P. J.


/S/

_____

MAURO, J.